IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON T. GUTOWSKI,<br><br>    Plaintiff,<br><br>  v.<br><br>MCKESSON CORP. and ELI LILLY & CO.,<br><br>    Defendants.<br>_____/ | No. C 12-6056 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |

In its Order of February 25, 2013, the Court granted Plaintiff Jason Gutowski's Motion to Remand and Motion for Attorney's Fees. However, Plaintiff had failed to produce any billing records, affidavits or other documentation supporting his motion for fees and costs. The Court ordered Plaintiff to submit a supplemental brief with supporting documentation to address his requests for fees and costs. Plaintiff now moves for an award of $6,774.40 in fees and costs. Defendant Eli Lilly & Company opposes the motion. Having considered the papers filed by the parties, the Court takes the matter under submission on the papers and GRANTS Plaintiff's motion.

LEGAL STANDARD

In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a

reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The court may adjust these hours down if it believes the documentation to be inadequate, if the hours were duplicative, or if the hours were either excessive or unnecessary. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

In establishing the reasonable hourly rate, the district court should take into account (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, (4) the results obtained and (5) the contingent nature of the fee agreement. City of Burlington v. Dague, 505 U.S. 557, 562-63 (1992). These factors are subsumed in the initial lodestar calculation, and should not serve as independent bases for adjusting fee awards. Morales, 96 F.3d at 363-64. Reasonable fees are generally calculated according to the prevailing market rates in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

The Supreme Court has recognized that, while it is appropriate for the district court to exercise its discretion in determining an award of attorney's fees, it remains important for the court to provide "a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437; Hall v. Bolger, 768 F.2d 1148, 1151 (9th Cir. 1985) (in computing an award, the district court should provide a "detailed account of how it arrives at appropriate figures for 'the number of hours

2

reasonably expended' and 'a reasonable hourly rate'") (quoting Blum v. Stenson, 465 U.S. 886, 898 (1984)).

The party seeking an award of attorneys' fees bears the burden of producing "satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008).

## DISCUSSION

I.  Reasonable Hours

The parties dispute the hours claimed by Plaintiff's counsel, attorney Andrew S. Williams. Plaintiff states that Williams manually documented his time and expended a total of 11.6 hours researching, writing and filing the three pleadings. Williams Aff. ¶ 10. In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours "that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. Defendant argues the amount of hours Plaintiff is seeking is excessive and asserts that 4.15 hours would be more reasonable. Def. Opp. 1:22-23,3:3.

Defendant argues that Plaintiff spent an excessive amount of time researching rulings that were not essential to Plaintiff's motions. Def. Opp. 1:26-27,2:1-3. However, it is reasonable to assume that an attorney would diligently research relevant case law and that not all cases would ultimately be cited. Defendant also argues without citation that Plaintiff's counsel excessively billed administrative work for Plaintiff's Motion to Remand and

3

Reply Brief. Def. Opp. 2:14-16. The Court disagrees. Defendant takes out of context the statement that Plaintiff "spent a great deal of time formatting, and filing documents." Def. Opp. 2:3-4.

Further, Defendant contends that Plaintiff's counsel should not be entitled to fees incurred with respect to work done on the fee motion. Def. Opp. 2:10-16. However, the Ninth Circuit has held that "time spent in establishing the entitlement to and amount of the fee is compensable." Camacho, 523 F.3d at 981. Here, the Court granted Plaintiff's fee motion and required Plaintiff to submit supplemental briefings. The Court finds that Plaintiff is entitled to compensation for all reasonable time expended on the supplemental briefing.

The Court finds that the time of 11.6 hours requested by the Plaintiff's counsel is not unreasonable.

II. Reasonable Hourly Rate

The parties dispute the reasonable hourly rate for the services of Plaintiff's counsel. "Determining an appropriate 'market rate' for the services of a lawyer is inherently difficult." Blum, 465 U.S. at 895 n. 11. The established standard when determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir. 1997). "Generally, the relevant community is the forum in which the district court sits." Id. at 500. For purposes of Plaintiff's Fee Motion, the "relevant community" is the Northern District of California.

Plaintiff's counsel does not bill clients by the hour. Williams Aff. ¶ 8. However, to determine an appropriate hourly

4

rate, Plaintiff's counsel consulted numerous sources and gauged an appropriate fee by taking into account his experience and firm size, the location of the proceeding and the nature of the proceeding to establish an equitable hourly fee. Williams Aff. ¶ 8. Plaintiff asserts that an hourly rate of $584 is a reasonable market rate for attorneys with like experience from comparable firms in San Francisco. In support of this, Plaintiff submits the affidavit of counsel, a 2012 survey of hourly rates charged by attorneys in a variety of categories as reported by a legal recruiting firm, and a 2008 National Law Journal survey of select law firms' hourly billing rates. Williams Aff. ¶ 9. According to the 2012 survey relied upon by Plaintiff, in 2012 the average hourly billing rate for attorneys practicing in San Francisco was $622 and the average billing rate for partners with twenty years of experience was $602. Williams Aff. ¶ 9. Both figures are higher than the $584 hourly rate requested by Plaintiff.

Defendant argues that the trial experience of Plaintiff's counsel should not be factored in determining an hourly rate for his services because his experience is immaterial to drafting the Motion to Remand and Reply Brief. Def. Opp. 2:19-20. The Court finds Defendant's argument unpersuasive and Defendant does not provide any legal guidance in support of this contention. Defendant also argues that in the 2012 survey that Plaintiff provided, the average billing rate for a firm the size of Plaintiff's counsel is $442 per hour. Def. Opp. 2:22-24. Defendant believes that this $442 billing rate is excessive for the nature of Plaintiff's work in general, but for the purposes of

5

Plaintiff's fee motion, Defendant views it to be more reasonable than Plaintiff's $584 requested hourly billing rate.  Def. Opp. 2:24-27.

The Court disagrees.  Defendant's analysis only focuses on a single factor while Plaintiff takes an inclusive approach factoring in counsel's experience and firm size, and the location and nature of the proceeding.  Williams Aff. ¶ 8.  The Court finds the latter method to be more useful in determining an hourly rate for attorneys of comparable skill in the relevant community and finds Plaintiff's $584 requested rate to be reasonable.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Attorney's Fees and awards Plaintiff $6,774.40 ($584 x 11.6 hours) in fees and costs incurred.  Defendant shall pay this amount forthwith.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 6/25/2013

CLAUDIA WILKEN
United States District Judge